*5 OPINION of the Court, by
Judge Owsley.
This was an action brought by Eckles in the court below, against Geohegan, for a malicious prosecution. On the trial in that court, judgment was obtained in favor of Eckles ; to reverse which Geohegan has prosecuted this writ of error with supersedeas.
*6 The first point for decision grows out of exceptions-taken to the opinion of that court, in admitting as evi-_ dence.before the jury,, a paper purporting to be a copy of the record of the proceedings had in the prosecution,
The paper was attested by one of the justices constituting the examining court, by whom the prosecution was tried, and read as evidence without further- proof °f tos being an examined copy ; and it is Objected that in the absence of such proof, it should have been aü-thenticated under the seal of the court.
At common law the bare attestation of a copy of a record by the court or any member thereof, was not deemed such an authentication as would make the copy legal evidence ; but as the seals of courts were suppo- . ped to be known by every person, copies authenticated linden the seal of the court, were admissible evidence without further proof — -Peak’s Evid. 30, Gil. Evid. 14. • Testing this cáse by this rule of the common law, as the paper used as evidence was not authenticated under the seal of the court, the court below clearly erred in admitting in. But ⅛ is contended that by the act of 1806, (3d. Littell, page 375) justices of the peace are required to deliver copies of their records attested by • themselves to any person who may ápply for them; and hence it is urged as the law has authorised; and required justices to deliver and attest copies of their proceedings, such copies, when so authenticated, should be . received without further proof. The principle will not .. be controverted, but admitted as incontrovertibly settled, that wherever it is made the duty of an officer to deliver out, and authenticate copies, títere, on account of the confidence reposed in him, the law receives his co-y pieswithout further proof. — Peak’s Evid. 31. The application of this principle will also be admitted to all thos® ..cases coming within the statute of 1806 ;■ but we conceive the paper in question is not of that character to bo in any respect influenced by that statute. That act by its letter applies only to the case of the records of justices acting in their individual characters ; and when it is recollected the law cotótifotin¡S*the court, a copy of whose proceedings the paper in question purports to be, was enacted since the bet of 1806 ; it is manifest the makers of the law could not have intended to embrace such a case, As, therefore, the paper in-question5 does not appear to he such a copy as to provided tor by the. *7 act of 1806, it should not have been admitted as evi-deuce without proof of its being an examined copy; and the court below consequently erred in admitting it to be used as, evidence, before the jury. The judgment of the court must therefore for that cause be reversed j the causé remanded to that court for a new trial. The appellant must recover his costs in this court.